IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



ATARAH McQUINN,

    Plaintiff,

v.                               Civil Action No. **3:07CV465**

DAVID E. BOONE,

    Defendant.

### MEMORANDUM OPINION

Plaintiff, a federal inmate, brings this 42 U.S.C. § 1983 action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

### Preliminary Review

The Court is required to dismiss any action or claim filed by a prisoner if it determines the action or claim (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests

surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her] to relief." Conley, 355 U.S. at 45-46. In Bell Atlantic Corp., the Supreme Court noted that the complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." 127 S. Ct. at 1964-65 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to

relief above the speculative level," id. at 1965 (citation omitted), to one that is "plausible on its face," id. at 1974, rather than "conceivable." Id. Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations and Claims

McQuinn pled guilty in this Court to conspiracy to distribute and possess with intent to distribute in excess of 50 grams of crack. The Court sentenced McQuinn to 292 months of imprisonment. On June 14, 2005, the Court denied a 28 U.S.C. § 2255 motion filed by McQuinn. United States v. Donaldson, 3:02cr95 (E.D. Va. June 14, 2005).

3

On August 6, 2007, McQuinn filed the present complaint, which she styled as a "CIVIL SUIT MOTION FOR INEFFECTIVE ASSISTANCE OF COUNSEL." Although McQuinn does not specify the jurisdictional basis for suit in the complaint, the Court deems McQuinn to have filed a Bivens action.[1] In her complaint, McQuinn asserts that she was denied effective assistance of counsel in conjunction with her guilty plea. McQuinn insists that, but for counsel's action, she would not have pled guilty. McQuinn names her trial counsel as the sole defendant and demands monetary damages.

## Analysis

It is readily apparent that Plaintiff's basic premise, that she is entitled to monetary damages because she is improperly incarcerated, is legally frivolous under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In Heck, the Supreme Court explained that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487. The Supreme Court recently explained that Heck and its progeny teach that "a state prisoner's § 1983 action is barred (absent prior invalidation) -no matter the

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceeding)- if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). The rationale in Heck applies with equal force to Bivens actions, see Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995); Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995), and actions for legal practice under Virginia law. See Adkins v. Dixon, 482 S.E.2d 797, 801 (Va. 1997).

McQuinn's complaint is a thinly veiled attack on her current incarceration. In order to succeed on her complaint, McQuinn must demonstrate that she was denied the effective assistance of counsel. Such a showing would necessarily imply that her current incarceration is invalid. McQuinn has not succeeded in impugning her conviction and sentence. Thus, the present action is barred by Heck. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

The Clerk is DIRECTED to send a copy of the Memorandum Opinion to McQuinn.

An appropriate Order shall issue.

/s/   REP
Robert E. Payne
Senior United States District Judge

Date: November 9, 2007
Richmond, Virginia

5